IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **MARY TOUCHTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 6:05-cv-27(HL) |
| | : | |
| **TALLAHASSEE ORTHOPEDIC** | : | |
| **CLINIC, SOUTHERN** | : | |
| **ORTHOPEDIC SPECIALISTS, INC.,** | : | |
| **and JAMES FRANKLIN,** | : | |
| | : | |
| Defendants. | : | |

_____

## **ORDER**

This matter is before the Court on various motions. After consideration of the briefs of the parties, the Court hereby directs as follows.

1. Plaintiff's Application for Default Judgment [doc 5] is denied. Plaintiff filed her Application for Default Judgment on September 29, 2005, as to Defendant James Franklin. In her Application she states she is moving pursuant to Federal Rule of Civil Procedure 55(b)(2). Immediately after the Application was filed, the Clerk's office notified Plaintiff of an error in filing, stating that the Application needed to be refiled because it should have been filed as an Application to Clerk for Entry of Default. The error notice was provided to Plaintiff on September 30, 2005. No Application was refiled.

Federal Rule of Civil Procedure 55 sets forth a two-step process for default. First, a plaintiff must move for clerk's entry of default under Rule 55(a), which provides as follows:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk's entry of default has been entered, a plaintiff may then move for judgment of default under Rule 55(b), which provides for default judgment either by the clerk, where the claim is for a sum certain, or by the court. Fed. R. Civ. P. 55(b)(1) and (2). Here, Plaintiff has skipped the first step of the process for default, by moving directly for default judgment under Rule 55(b)(2).

It is the Court's opinion that Plaintiff has never properly moved for a clerk's entry of default. Moreover, Plaintiff was notified by the Clerk that it was necessary to submit an Application for Clerk's Entry of Default. Nevertheless, Plaintiff failed to move for clerk's entry of default. Given Plaintiff's failure to move for Clerk's entry of default, the Court finds that Plaintiff's Application for Default Judgment is premature and the same is hereby denied.

2. Defendants' Motion to Dismiss or for More Definite Statement [doc 12] is denied. In their Motion, Defendants argue that Plaintiff's complaint is a "shot-gun pleading" and fails to identify the factual bases for the claims against Defendants. Defendants further argue that the shortcomings of Plaintiff's complaint prevent them from framing defenses to the complaint. Plaintiff has responded to the Motion and maintains that her complaint is not a "shotgun pleading" and that the complaint is sufficient as a matter of law.

The Court agrees with Plaintiff that her complaint is not a "shotgun pleading" and that her complaint is sufficient as a matter of law. Furthermore, to the extent that Defendants'

argument is intended to suggest that Plaintiff is obligated to set forth a prima facie case in her complaint, that argument is foreclosed by the decision of the Supreme Court of the United States in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002) (complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination).

However, the Court also finds that Plaintiff's complaint would benefit from more precise wording. For example, Plaintiff's complaint should state with more particularity which claim is brought against which Defendant and on the basis of what specific conduct. Plaintiff might be correct that Defendants should be able to infer certain facts from the complaint, for instance, that the Title VII claims are brought against her employer, and not against individual Defendants. Nevertheless, Defendants should not be called upon to make assumptions from the complaint when attempting to formulate an answer.

Plaintiff has moved for permission to amend her complaint in the event that the Court finds that it is insufficient, and Defendants' have stated that they do not object to amendment of the complaint. The Court finds that a more precisely worded complaint would be beneficial. Therefore, the Court grants Plaintiff's Motion to Amend [doc 22]. Defendants' Motion to Dismiss and/or for a More Definite Statement [doc 12] is denied. Plaintiff's amended complaint should be filed not later than 30 days from the date of entry of this Order.

**SO ORDERED**, this the 22nd day of November, 2005.

                                                  **s/   Hugh Lawson**
                                                  **HUGH LAWSON, JUDGE**

mls